IN THE UNITED STATES DISTRIC COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| KEE CONSTRUCTION SERVICES & CONSULTING LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>JACKSON COUNTY INDUSTRIAL DEVELOPMENT AUTHORITY<br><br>    Defendant. | CIVIL ACTION FILE No:  2:21-CV-180-RWS<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

I. **ACTION FOR FAILURE TO OBTAIN PAYMENT BOND**

Plaintiff, Kee Construction Services & Consulting LLC (hereinafter "Kee") shows the Court the following:

**JURISDICTION AND VENUE**

1.

Kee is a foreign citizen and limited liability company authorized to do business and doing business in the State of Georgia having its principal office in Texas. It is a resident of another state. Its members are individuals who are residents of Texas and of Florida.

1

2.

Jackson County Industrial Development Authority ("JCIDA") is a development authority that is a public body, a citizen and instrumentality of the State of Georgia and a public corporation. It may be served by service on its Chairman and Members, and/or its officers. Its funding source is bond revenue, and it cannot contract so as to render the State of Georgia liable.

3.

This action is one over which this Court has original jurisdiction under 28 U.S.C. § 1332 in that it is a civil action involving an amount in controversy exceeding $75,000.00, exclusive of interest and costs, and is between citizens of different states.

4.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b) (1) and because there is complete diversity of citizenship and because Defendant resides in Georgia.

5.

This Court has personal jurisdiction over the Defendant.

## COUNT ONE
## ACTION FOR FAILURE TO OBTAIN PAYMENT BOND

6.

Industrial Project Innovation, LLC ("IPI") and Kee entered into an agreement under the terms of which Kee supplied welding and pipefitting labor, services and materials to IPI on a project known as the SK Battery America, Inc. Project, in Jackson County, Georgia. IPI performed work as general contractor pursuant to an agreement with SK Battery America, Inc., as noted in that Letter Agreement, a copy of which is attached as Exhibit "A". Work performed included Phase I: Pump Room, IW Tower, Chiller Tower, Compressor Room, Pipe Rack, Partial Lower Level Formation Buildup. The value of services that Kee provided greatly exceeds $300,000.00.

7.

Kee completed all its obligations, contractual and otherwise, to IPI under the terms of the Agreement, or same have been waived, excused or substantially completed.

8.

There remains due and owing under the Agreement an unpaid principal balance of not less than $495,398.87, including certain change orders and retention. This claim became due on March 21, 2021 and Kee is entitled to interest

at the statutory rate from March 22, 2021 until the present. IPI breached the Agreement by failing to (timely) pay Kee. To be clear, IPI has failed to pay Kee any of the principal sum demanded, and is indebted to Kee.

9.

All conditions precedent to Kee's entitlement to payment have been met, waived, occurred, or excused.

10.

In the alternative to paragraph 9, if defendant produces any evidence of any unmet precondition, Kee shall seek adequate time to allow fulfillment of any such condition.

11.

As a result of this breach of Agreement by this Defendant, IPI is indebted to and owes Kee the principal amount of $495,398.87 plus prejudgment interest, plus attorney's fees and litigation expenses per O.C.G.A. § 13-6-11, as Defendant has put Plaintiff to unnecessary trouble and expense or acted in bad faith in letter a contract without taking a bond.

12.

JCIDA has received a copy of Kee's Claim of Lien and a request for payment.

13.

On information and belief, JCIDA failed to obtain any payment bond on this Project.

14.

The scope of this Project far exceeded $100,000.00. In fact, it exceeded $1,000,000.00.

15.

JCIDA is liable under Georgia law for IPI's nonpayment as it was required to obtain a payment bond for this Project. O.C.G.A. § 36-91-71 also *City of Atlanta v. United Elec. Co.*, 414 S.E.2d 251 Ga. Ct. App. 1991; and see O.C.G.A. §§ 13-10-60, 13-10-61, 13-10-63.

16.

Kee is a claimant within the terms of the Georgia law and had a direct Agreement with the contractor, IPI.

17.

Kee has placed defendant on notice by letter and Claim of Lien. Kee has made demand in writing for payment and Kee had specifically demanded a payment bond.

18.

Kee believes that JCIDA failed to obtain any payment bond.

20.

JCIDA is liable to Kee for the principal amount of $495,398.87 or such other amount as may be found by a trier of fact plus prejudgment interest and attorney's fees under O.C.G.A.§ 13-6-11, as JCIDA has put Plaintiff to unnecessary trouble and expense in filing this suit and in that JCIDA acted in bad faith in letting a substantial public works contract without procuring a payment bond for Plaintiff's protection.

WHEREFORE Plaintiff Kee Construction Services & Consulting LLC prays:

A.   For Judgment in such sum as may be found by a jury;

B.   For trial by jury;

C.   For interest and attorney's fees;

D.   For costs; and

E.   Such other and further relief as may be appropriate.

*(Signature on following page)*

Respectfully submitted this 18th day of August, 2021.

                                   **BELOIN & BROWN, L.L.C.**

                                   /s/ Frederic S. Beloin
                                   Frederic S. Beloin
                                   Georgia State Bar No. 049759
                                   *Attorney for Plaintiff*
                                   *Kee Consulting Services & Consulting LLC*

2550 Heritage Court
Suite 200
Atlanta, GA  30339
(770) 850-1900
(770) 850- 1967 *fax*
fbeloin@beloinlaw.com